UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DAJEON FRANKLIN**, <br><br> Petitioner, <br><br> vs. <br><br> **WILLIS CHAPMAN,** <br><br> Respondent. | 2:20-CV-12746 <br><br> **ORDER DENYING THE MOTION TO EXTEND THE TIME TO FILE AN APPEAL AND THE MOTION FOR A CERTIFICATE OF APPEALABILITY** |

Dajeon Franklin, petitioner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court's predecessor, the Honorable Arthur J. Tarnow, denied the petition for a writ of habeas corpus on November 29, 2021. *Franklin v. Chapman*, No. 2:20-CV-12746, 2021 WL 5564749 (E.D. Mich. Nov. 29, 2021).

Petitioner filed a Notice of Appeal, which was postmarked January 10, 2022. The United States Court of Appeals for the Sixth Circuit dismissed the appeal because the notice was untimely. *Franklin v. Stephenson,* No. 22-1053 (6th Cir. Feb. 8, 2022) (This Court's ECF No. 22).

1

Petitioner has filed a motion for a certificate of appealability and a letter request which is construed as a motion for an extension of time to file a notice of appeal. For the reasons that follow, the motions are **DENIED**.

This Court is without power to grant petitioner an extension of time to appeal because the Sixth Circuit has already determined that his notice of appeal was untimely filed. Under the law of the case doctrine, a court is ordinarily precluded from re-examining an issue previously decided by the same court, or by a higher court in the same case. *Consolidation Coal Co. v. McMahon*, 77 F.3d 898, 905 (6th Cir. 1996). The law of the case doctrine has been applied to habeas cases in various contexts. *See Crick v. Smith*, 729 F.2d 1038, 1039 (6th Cir. 1984). Because petitioner's motion for an extension of time to file an appeal was filed with this Court after the Sixth Circuit dismissed his appeal as untimely, that prior determination is binding under the law of the case doctrine and cannot not be revisited here. *Gibbs v. Thaler*, 459 F. App'x 336, 337 (5th Cir. 2012).

Because the Sixth Circuit lacks appellate jurisdiction over this case and has dismissed petitioner's appeal, any request for a certificate of

appealability is moot in this case. *See e.g., United States v. Arawole,* 16 F. App'x 193, 193 (4th Cir. 2001); *Martinez v. Hoke,* 38 F.3d 655, 656-57 (2nd Cir. 1994).

**IT IS HEREBY ORDERED** that the motions for a certificate of appealability (ECF No. 20) and for an extension of time to file an appeal (ECF No. 23) are **DENIED**.

**IT IS SO ORDERED.**

Dated: April 15, 2022        s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE